# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 12-438V
**Filed: May 10, 2013**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| TYRIESE DOMINIQUE, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | Special Master Dorsey |
| | * | |
| v. | * | |
| | * | Decision on Proffer; Damages; |
| SECRETARY OF HEALTH | * | Tetanus-Diphtheria (Td) Vaccine; |
| AND HUMAN SERVICES, | * | Cellulitis. |
| | * | |
| Respondent. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Anne Carrion Toale, Maglio, Christopher & Toale, Sarasota, FL, for petitioner.
Ryan Daniel Pyles, United States Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

On July 6, 2012, Tyriese Dominique (petitioner), filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleged that she received a tetanus-diphtheria (Td) vaccination on November 18, 2011, and thereafter suffered from cellulitis around the injection site and related sequelae that have last more than six months after the vaccine. Petition at 1.

Respondent has conceded that petitioner has satisfied all legal prerequisites for compensation under the Vaccine Act and recommends that compensation be awarded to

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

petitioner.

Informed by respondent's concession that an award of damages is appropriate, the undersigned finds that petitioner is entitled to compensation under the Vaccine Act.

On May 8, 2013, respondent filed a Proffer on Award of Compensation (Proffer). In that proffer, respondent represented that petitioner agrees with the proffered award. Based on the record as a whole, the undersigned finds that petitioner is awarded is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached proffer, the undersigned awards petitioner:

**A lump sum of $100,000.00, in the form of a check payable to petitioner**. This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

Proffer ¶ 1.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

TYRIESE DOMINIQUE,

      Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

      Respondent.

No. 12-438V
Special Master Nora B. Dorsey
ECF

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On February 19, 2013, respondent filed her Rule 4(c) Report, in which she recommended that the Court find petitioner entitled to compensation.[1] Respondent now proffers that petitioner receive an award of a lump sum of **$100,000.00** in the form of a check payable to petitioner. This amount represents compensation for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner is entitled. This proffer does not address final attorneys' fees and litigation costs. Petitioner is additionally entitled to reasonable attorneys' fees and litigation costs, to be determined at a later date upon petitioner submitting substantiating documentation.

Petitioner agrees with the proffered award of $100,000.00.

Respectfully submitted,

STUART F. DELERY
Acting Assistant Attorney General

---

[1] Respondent notes that the Court issued a Damages Order on February 28, 2013. Therein, respondent's position is noted, but the Court did not make an independent finding regarding petitioner's entitlement to compensation. Accordingly, respondent respectfully requests that the Court make an explicit finding regarding petitioner's entitlement to compensation, should the Court issue a decision awarding damages.

1

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON, JR.
Assistant Director
Torts Branch, Civil Division

s/ RYAN D. PYLES
RYAN D. PYLES
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-9847

Dated: May 8, 2013